(No. 81-CC-1002–)

ERNEST KELLY, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1983.*

*Order dismissing cause filed May 23, 1984.*

RIPPLINGER & DIXON (GEORGE R. RIPPLINGER, JR., of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This matter comes before this Court upon the Claimant's complaint for wrongful imprisonment. Claimant, Ernest Kelly, pleaded guilty to two counts of burglary and was sentenced to probation for those crimes. The

Claimant's prison term, for which he is claiming compensation, extends from an arrest for a violation of his probation. The Claimant has admitted that he was convicted of violating his probation by committing another burglary. Subsequent to his incarceration, an appellate court ruled that there was insufficient evidence to support the charge of probation violation, and the Claimant was released from Menard Correctional Center. Claimant has not received a pardon on the grounds of innocence from the Governor of the State of Illinois, and alleges he does not need one since he was innocent of the crime for which he was incarcerated.

It was well established in this Court that there was no duty existing at common law for the State of Illinois to compensate individuals wrongfully convicted and incarcerated. Section 8(c) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.8(c)) created a new obligation on the part of the State of Illinois to compensate individuals wrongfully convicted and incarcerated. (*Harpstreith v. State* (1975), 30 Ill. Ct. Cl. 546.) Section 8 (c) of this Act provides that the State will compensate people where:

"All claims against the State for time unjustly served in prison of this State where the persons imprisoned shall receive a pardon from the Governor stating that such pardon was issued on the grounds of innocence of the crime for which they were imprisoned. . ."

In the case of *Mostafa v. State* (1975), 30 Ill. Ct. Cl. 567, this Court made an award to a plaintiff where the appellate court of the State of Illinois reversed his conviction of murder without remanding for a new trial and the Claimant received a pardon from the Honorable Governor Daniel Walker, which pardon was provided to the Claimant on the grounds that he was innocent of the crime of murder. In the case of *Anderson v. State* (1978), 32 Ill. Ct. Cl. 643, this Court refused to provide an award for the Claimant who did not receive a pardon from the

Governor, stating that such pardon was issued on the grounds of innocence for the crime in which he had been imprisoned. This Court found that:

"Such failure to prove the existence of a pardon results in failure of the Claimant's complaint to state a cause of action."

Clearly it could not have been the intent of the legislature to compensate everyone who is released from prison by an appellate court. This is particularly true where the criminal was released on a technicality rather than on genuine innocence. A pardon from the Governor based on innocence is a condition precedent to recovering in the State of Illinois for time served in the penitentiary unjustly. Claimant, Ernest Kelly, has failed to plead and prove that he has received a pardon from the Governor of the State of Illinois; clearly his cause of action fails.

It is hereby ordered that this claim be, and the same is, dismissed with prejudice.

## ORDER DISMISSING CAUSE

This cause having come for consideration and the Court being duly advised in the premises:

Finds, that the Claimant was ordered to file his brief by October 30, 1983, and has failed to do so.

It is hereby ordered, that this cause is dismissed with prejudice.